## Commonwealth, et al. v. Thompson's Administrators.

(Decided June 12, 1928.)

### Appeal from Clark Circuit Court.

Taxation.—Under Ky. Stats., Supp 1926, sec. 4281a-2, classifying beneficiaries of inheritance for inheritance tax purposes, cousins of intestate fall within class C, not class B; the words "nephew, niece," and "the wife or widow of a nephew, or the husband of a niece," etc., qualifying only the words "nephew" and "niece."

JESSE D. KASH and J. W. CAMMACK, Attorney General, for appellant.

PENDLETON & BUSH for appellees.

OPINION OF THE COURT BY COMMISSIONER SANDIDGE—Reversing.

The question presented by this appeal is whether cousins of an intestate, who succeed to his estate by inheritance or devise, fall in class B or class C under our inheritance tax law. Section 4281a-2, 1926 Supplement Kentucky Statutes, classifies beneficiaries of inheritances for purposes of the inheritance tax. The question is whether cousins of an intestate fall within class B or class C. If they do not fall within class B, they do fall within class C. To ascertain who as bene-

ficiaries of inheritances fall within class B, we must have recourse to the statute, reading:

> "In case the transfer shall be to, or for the benefit of, a brother, sister, brother-in-law, sister-in-law, nephew, niece or lineal descendant of, the wife or widow of a nephew, or the husband of a niece, niece-in-law or nephew-in-law or uncle or aunt, and," etc.

Reference to the enrolled bill discloses that the words "niece-in-law or nephew-in-law" have been inserted in the act since its passage. They do not appear in the enrolled bill. The ambiguity of the statute arises from the use of the words "or lineal descendant of" found therein. The solution of the question has been attended with considerable difficulty, but the court has concluded that those words qualify only the words "nephew" and "niece" immediately preceding them. So understood, the statute means the same thing as if it had read:

> "In case the transfer shall be to or for the benefit of a brother, sister, brother-in-law, sister-in-law, nephew, niece, or lineal descendant of a nephew or niece, the wife or widow of a nephew, or the husband of a niece, or uncle or aunt, and," etc.

It seems reasonably certain that the words "or lineal descendant of" were not intended to qualify the words "brother," "sister," "brother-in-law," and "sister-in-law," preceding, because the words "nephew" and "niece" follow immediately after them. Nephews and nieces are the lineal descendants of brothers and sisters-in-law and sisters and brothers-in-law. If "or lineal descendant of" had been intended to qualify "brother," "sister," "brother-in-law," and "sister-in-law," there would have been no necessity of adding "nephew" or "niece." It certainly cannot be held that the words "or lineal descendant of" refer to and qualify the words which follow, because it would be to hold that the wife or widow of a nephew, the husband of a niece, uncles, and aunts are excluded from class B, while their descendants are included in it. Thus the descendants of those named would be given a more favorable classification than those named, and this, it is patent, the legislature did not intend to do. Without further elaboration it is deemed sufficient to say that the legislature in-

tended that a decedent's brothers and their wives, sisters and their husbands, and the lineal descendants of these brothers and their wives and sisters and their husbands should be included in class B, and, in addition, that the wife or widow of a nephew, husband of a niece, uncle, or aunt should also be included in class B, but that the lineal descendants of these last named should not be included therein.

The beneficiaries of the estate of the decedent in this case are cousins and succeeded to his estate under the laws of descent and distribution. There is no contention that they fall within class A, and, as we have found that they do not fall within class B, it follows that they fall within class C, and must pay inheritance tax accordingly.

The trial court was in error in concluding that the cousins of the decedent who succeeded to this inheritance were included in class B; consequently, the judgment is reversed, and the cause remanded, with direction that a judgment in conformity herewith be entered.